FILED
FEB 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Pierre Fouche,              )
                            )
        Plaintiff,          )
                            )
    v.                      )   Civil Action No. 08 0374
                            )
Michael Mukasey,            )
                            )
        Defendant.          )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the complaint brought under Rule 60(b)(4) of the Federal Rules of Civil Procedure and the accompanying application to proceed *in forma pauperis*. The Court will grant leave to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Plaintiff, a prisoner at the Victorville Federal Correctional Institution in Adelanto, California, claims that his judgment of conviction imposed by the United States District Court for the Southern District of California is void for a number of reasons. Rule 60(b)(4) authorizes the Court to relieve a party from a final judgment that "is void," but a challenge to a federal conviction and sentence must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred

before or during sentencing). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. "The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003) (citations omitted); *see* Fed. R. Civ. P. 81(a)(4) (2007) (civil rules of procedure applicable "to the extent that the practice in [habeas] proceedings is not specified in a federal statute . . . or the Rules Governing Section 2255 Cases").

Plaintiff was not convicted and sentenced here, and he has not provided any basis for finding his § 2255 remedy inadequate or ineffective. This Court therefore lacks jurisdiction to entertain the complaint. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: February 27, 2008